UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRENT MILEY, on his behalf and ) | | |
| on behalf of all others similarly situated, ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | 1:05-cv-0589-LJM-WTL | |
| ) | | |
| FLEETWOOD ENTERPRISES, INC., ) | | |
| FLEETWOOD TRAVEL TRAILERS ) | | |
| OF INDIANA, INC., ) | | |
| Defendants. ) | | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS COUNT VI**

This cause is now before the Court on defendant's, Fleetwood Travel Trailers of Indiana, Inc. ("Fleetwood Indiana"), motion to dismiss Count VI of the complaint brought against it by plaintiff, Brent Miley ("Miley"), pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). In Count VI of his complaint Miley contends that Fleetwood Indiana violated the Magnuson-Moss Warranty Act (the "Act") by having a warranty disclaimer that starts on the first page of the warranty agreement and continues onto the second page, when the Act requires such warranty appear "on the face of the warranty." 15 U.S.C. § 2304(a)(3). Fleetwood Indiana contends that its warranty is not void and does not violate the Act as a matter of law.

For the foregoing reasons, the Court **DENIES** Fleetwood Indiana's Motion to Dismiss Count VI of Complaint.

**I. BACKGROUND**

In April 2003, Miley purchased a Terry Travel Trailer manufactured by Fleetwood Indiana.

Compl. ¶ 6. In February 2005, Miley filed an eight-count complaint against Fleetwood Indiana and Fleetwood Enterprises, Inc. (collectively, "Defendants"), alleging various claims under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*, and state law. Counts I-IV, and VII-VIII, of Miley's complaint allege breaches of warranty. In Count V Miley alleges common law fraud and in Count VI Miley claims that Defendants wrongfully disclaimed incidental and consequential damages. Compl. ¶¶ 85-89. With respect to Count VI, Miley alleges that disclaimers must appear "on the face" of the warranty, and since the text of the warranty disclaimers begins on the first page but continues to the second page of the warranty at issue here, the disclaimers are invalid. Specifically, Miley contends that Fleetwood Indiana violated the Magnuson-Moss Warranty Act because the Act "does not permit Defendants to place [sic] exclusions or limitations (disclaimers) of consequential damages for breach of warranty . . . unless such disclaimer is *on the face of* Defendants' written warranty." *Id.* ¶ 87 (emphasis in original). Miley further claims that because "Defendants disclaimed incidental and consequential damages on page two of their written warranties," the disclaimers are invalid under the Act. *Id.* ¶¶ 88, 89. The warranty provides the following, in relevant part:

> **WHAT IS NOT COVERED BY**
> **THIS WARRANTY**
>
> **This warranty does not cover:**
> 1. The tires which are covered by the warranty of the manufacturer.
> 2. Defects caused by or related to:
>    a. Abuse, misuse, negligence or accident;
>    b. Failure to comply with instructions contained in the ***Owner's Information Package***;

                * * * (page break)

| | | |
|---|---|---|
| | c. | Alteration or modification of the trailer; |
| | d. | Environmental conditions (salt, hail, chemicals in the atmosphere, etc.) |

                * * *

| | |
|---|---|
| 5. | Transportation to and from dealer or Fleetwood Service Center location, loss of time, inconvenience, commercial loss, loss of use, bus fares, vehicle rental, incidental charges such as telephone calls or hotel bills, or other incidental or consequential damages. |

Def.'s Exh. A, Warranty.[1]

## II. **MOTION TO DISMISS STANDARD**

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the complaint and the inferences reasonably drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). Dismissal is appropriate only if it appears beyond doubt that Miley can prove no set of facts consistent with the allegations in the complaint that would entitle it to relief. *See Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the

---

[1] The Court notes that the warranty at issue here was attached to the complaint as Exhibit F, therefore, it is properly considered for purposes of this motion.

complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995). However, the Court need not ignore facts set out in the complaint that undermine Maley's claims, *see Homeyer v. Stanley Tulchin Assoc.*, 91 F.3d 959, 961 (7th Cir. 1996) (*citing Am. Nurses' Ass'n v. State of Ill.*, 783 F.2d 716, 724 (7th Cir. 1986)), nor is the Court required to accept Maley's legal conclusions. *See Reed v.. City of Chi.*, 77 F.3d 1049, 1051 (7th Cir. 1996); *Gray v. Dane County*, 854 F.2d 179, 182 (7th Cir. 1988). The Court turns now to the merits of Fleetwood Indiana's argument.

### III. DISCUSSION

Resolution of the parties' dispute regarding Count VI of the instant complaint turns on interpretation of a federal statute and a federal regulation. The statutory provision provides, in relevant part:

> In order for a warrantor warranting a consumer product by means of a written warranty to meet the Federal minimum standards for warranty—
>
> * * *
>
> **(3)** such warrantor may not exclude or limit consequential damages for breach of any written or implied warranty on such product, unless such exclusion or limitation conspicuously appears on the face of the warranty . . . .

15 U.S.C. § 2304(a)(3). The relevant regulation that explains what is meant by "on the face of the warranty" states:

> On the face of the warranty means:
>
> (1) Where the warranty is a single sheet with printing on both sides of the sheet or where the warranty is comprised of more than one sheet, the page on which the warranty text begins;

> (2) Where the warranty is included as part of a larger document, such as a use and care manual, the page in such document which the warranty text begins.

16 C.F.R. § 701.1(i).

Fleetwood Indiana argues that because its list of disclaimers starts on the first page, and the purpose of § 2304(a)(3) of alerting a consumer to a limitation on damages is served by the prominence of the heading on its disclaimers, the Court should find that its disclaimer complies with the law. Fleetwood Indiana points to language in the Federal Register, which summarizes the debate about this provision of the Act, that suggests the problem sought to be rectified by the Act and the corresponding regulation was "that any limitation on [a consumer's] rights be disclosed up-front and not buried elsewhere in a multi-page document." 64 Fed. Reg. 19,700 (Apr. 22, 1999).

In contrast, Miley contends that the Act and the regulation interpreting the Act should be taken at its plain meaning, in other words, any disclaimer of damages should appear on page one of the warranty, even if that means putting the disclaimers before the warranty coverages. Miley points to additional language in the same Federal Register paragraph that indicates the Commission rejected attempts by warrantors to revise the provision requiring the disclaimer text on the first page of the warranty to allow the warranty to be more user friendly, so long as the disclaimer was conspicuous. *See* Fed. Reg. 19,700 ("The Commission believes that § 701.3(a)(7) should be retained without change.").

The Court finds that Fleetwood Indiana's disclaimer does not comply with the Act and the regulations interpreting the act because it does not appear on "the page on which the warranty text begins," as required by 15 C.F.R. § 701.1(i). The plain meaning of "on the face of the warranty" means on the first page, therefore, that the regulation interpreting that statutory phrase says anything

different does not surprise the Court. Moreover, Fleetwood Indiana's argument asks the Court to ignore the Commission's express rejection of arguments that would allow warrantors to include damages disclaimers on other pages of the warranty so long as it was conspicuous. Fleetwood Indiana has plenty of space on the first page of warranty as written to include the relevant damage disclaimer there instead of on the second page of its list of exclusions. The Court acknowledges that other courts may interpret the statues and regulations here differently, however, in light of the express rejection of Fleetwood Indiana's argument by the Commission when promulgating its regulations, this Court will not expand the meaning of "the face of the warranty" to include second pages.

## IV. **CONCLUSION**

For the foregoing reasons, the Court **DENIES** defendant's, Fleetwood Travel Trailers of Indiana, Inc., Motion to Dismiss Count VI of Complaint.

IT IS SO ORDERED this 10th day of August, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

John David Barker
KROHN & MOSS LTD
jbarker@consumerlawcenter.com

Harry Christopher Bradley
KROHN & MOSS LTD
hbradley@consumerlawcenter.com

Scott Michael Cohen
KROHN & MOSS LTD
scohen@consumerlawcenter.com

Kellye Michelle Gordon
BAKER & DANIELS
kellye.gordon@bakerd.com

Marshall Scott Meyers
KROHN & MOSS PTD
mmeyers@consumerlawcenter.com

Thomas G. Stayton
BAKER & DANIELS
tstayton@bakerd.com