UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENT MILEY, on his behalf and on behalf of all others similarly situated, <br>     Plaintiffs, <br><br> vs. <br><br> FLEETWOOD ENTERPRISES, INC., <br> FLEETWOOD TRAVEL TRAILERS <br> OF INDIANA, INC., <br>     Defendants. | 1:05-cv-0589-LJM-WTL |

### ORDER ON PLAINTIFF'S MOTION TO STRIKE
### AFFIRMATIVE DEFENSE NUMBER NINE

This cause is now before the Court on plaintiff's, Brent Miley ("Miley"), Motion to Strike Affirmative Defense Number Nine of Fleetwood Travel Trailers of Indiana, Inc. ("Fleetwood Indiana"). Miley contends that Fleetwood Indiana's ninth affirmative defense unlawfully includes offers of settlement that are inadmissible as evidence, therefore, such defense should be stricken. Fleetwood Indiana opposes the motion arguing that Miley has misrepresented the nature of Fleetwood Indiana's ninth affirmative defense. Specifically, Fleetwood Indiana suggests that its ninth affirmative defense provides evidence that Fleetwood Indiana attempted to comply with the terms of the Magnuson-Moss Warranty Act (the "Act") when it offered to cure the breach of warranty alleged by Miley to Fleetwood Indiana. Moreover, Fleetwood Indiana argues that no class-action suit was pending at the time Miley notified it of the alleged breach. Therefore, Fleetwood Indiana's attempt to cure cannot be construed as an attempt to settle the dispute with the named plaintiff as alleged by Miley.

The Court finds Miley's motion to strike without merit. It is clear that under the Magnuson-

Moss Warranty Act, the consumer must provide the warrantor an opportunity to cure prior to bringing suit. *See* 15 U.S.C. § 2310(e). "Cure" refers to repair, replacement or refund with respect to the product at issue. *Gorman v. Saf-T-Mate, Inc.*, 513 F. Supp. 1028, 1034 (N.D. Ind. 1981). Based on this statute, it is clear that, as a defense, a warrantor may provide evidence that it complied with the Act by offering to cure the alleged deficiency.

In the instant case, Miley attached his letter demanding that Fleetwood Indiana cure the alleged defects to his trailer as evidence that he complied with 15 U.S.C. § 2310(e). Compl. Exh. J. There was no allegation in Miley's complaint that Fleetwood Indiana had offered to cure. Therefore, it was incumbent upon Fleetwood Indiana to offer its letter in response, or its offer to cure, as a defense to Miley's accusations that it had failed to comply with the Act. Having raised the issue of cure in his complaint, Miley cannot now complain that Fleetwood Indiana wants to present evidence of its attempted cure.

Miley's reliance on cases related to offers of settlement to a named plaintiff is a class action do not apply in this case because there was no law suit pending at the time Fleetwood Indian offered to cure. The fact that Miley references a potential law suit in his letter to Fleetwood Indiana demanding a cure does not change the timing of the letters or the nature of Fleetwood Indiana's response. As a result, Fleetwood Indiana's offer to Miley cannot be construed as an offer of settlement.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** plaintiff's, Brent Miley, Motion to Strike Affirmative Defense Number Nine of Fleetwood Travel Trailers of Indiana, Inc.

IT IS SO ORDERED this 10th day of August, 2005.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

John David Barker
KROHN & MOSS LTD
jbarker@consumerlawcenter.com

Harry Christopher Bradley
KROHN & MOSS LTD
hbradley@consumerlawcenter.com

Scott Michael Cohen
KROHN & MOSS LTD
scohen@consumerlawcenter.com

Kellye Michelle Gordon
BAKER & DANIELS
kellye.gordon@bakerd.com

Marshall Scott Meyers
KROHN & MOSS PTD
mmeyers@consumerlawcenter.com

Thomas G. Stayton
BAKER & DANIELS
tstayton@bakerd.com