UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENT MILEY, )<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>FLEETWOOD ENTERPRISES, INC., and )<br>FLEETWOOD TRAVEL TRAILERS )<br>OF INDIANA, INC., )<br>   Defendants. ) | 1:05-cv-589-LJM-WTL |

**ORDER ON DEFENDANT'S MOTION TO CERTIFY
ORDER FOR INTERLOCUTORY APPEAL**

This cause is now before the Court on Defendant's, Fleetwood Travel Trailers of Indiana, Inc., ("Fleetwood Indiana"), motion to certify the Court's Order on Defendant's Motion to Dismiss Count VI of Plaintiff's Complaint for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

For the reasons explained herein, the Court **DENIES** Fleetwood Indiana's motion to certify.

### I. BACKGROUND

The Magnuson-Moss Warranty Act ("Act"), 15 U.S.C. §§ 2301, *et seq.*, requires a manufacturer who chooses to provide customers with a written warranty to meet certain federal minimum standards. Among the Act's requirements for a full warranty is that a "warrantor may not exclude or limit consequential damages . . . unless such exclusion or limitation appears conspicuously on the face of the warranty." 15 U.S.C. § 2304(a)(3). In Count VI of his Complaint, Plaintiff Brent Miley ("Miley") claims that Fleetwood Indiana's warranty violates this provision of

the Act because the warranty's limitation of consequential damages begins on the first page and continues to the second page of the warranty. *See* Comp. ¶ 87.

On June 7, 2005, Fleetwood Indiana filed a Motion to Dismiss that claim. On August 8, 2005, the Court denied the motion, holding that "Fleetwood Indiana's disclaimer does not comply with the Act and the regulations interpreting the act because it does not appear on 'the page on which the warranty text begins' as required by 15 C.F.R. § 701.1(I) [a regulation interpreting the Act]." Order at 5.

## II. DISCUSSION

In order for a district court to certify an interlocutory appeal pursuant to Section 1292(b), "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 675-76 (7th Cir. 2000) (stating that "[u]nless all these criteria are satisfied, the district court may not and should not certify" the appeal pursuant to Section 1292(b)) (original emphasis). In the instant action, the four criteria required to certify Fleetwood Indiana's appeal pursuant to Section 1292(b) are not satisfied.

Interpretation of "on the face of the warranty" under the Act is a "question of law" for purposes of a Section 1292(b) appeal. As used in Section 1292(b), a "question of law" refers to a question of the meaning of a statutory or constitutional provision or regulation. *Ahrenholz*, 219 F.3d at 676. The Court acknowledged that "[r]esolution of the parties' dispute regarding Count VI of the instant complaint turns on interpretation of a federal statute and a federal regulation." Order at 4.

Further, interpretation of "on the face of the warranty" under the Act is indeed a controlling issue as to Count VI. A question of law is controlling if "its resolution is quite likely to affect the further course of litigation, even if not certain to do so." *Sokagon Gaming Enter. Corp. v. Tushie Montgomery Assocs., Inc.*, 86 F.3d 656, 658-59 (7th Cir. 1996) (internal citations omitted).

However, the issue does not promise to speed up the litigation as required by 28 U.S.C. § 1292(b). Miley wants the Court to certify all six of his claims as a class action. *See* Comp. ¶¶ 12, 85-89. Claim VI, quite obviously, constitutes but one of the six. The Court cannot agree that interpretation of "on the face of the warranty" is an issue which, if resolved, could potentially expedite the instant action by "head[ing] off protracted, costly litigation." *Ahrenholz*, 219 F.3d at 675-77 (original emphasis). If the Court of Appeals concludes that Fleetwood Indiana's Motion to Dismiss Count VI should have been granted, the parties will still be required to engage in all of the proceedings attendant to the remaining Counts, including a request for class certification, discovery on class issues, extensive briefing, and possibly a class certification hearing. Granting Fleetwood Indiana's motion will only create piecemeal appeals and delay the ultimate resolution of this dispute.

Therefore, the Court need not reach the remaining requirement of Section 1292(b), that "there is substantial ground for difference of opinion" with respect to the meaning of "on the face of the warranty" under the Act.

## IV.  CONCLUSION

For the reasons explained above, the Court **DENIES** Defendant's, Fleetwood Travel Trailers of Indiana, Inc., motion to certify the Court's Order on Defendant's Motion to Dismiss Count VI of Plaintiff's Complaint for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b).

IT IS SO ORDERED this 18th day of January, 2006.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed to:

John David Barker
KROHN & MOSS LTD
jbarker@consumerlawcenter.com

Harry Christopher Bradley
KROHN & MOSS LTD
hbradley@consumerlawcenter.com

Scott Michael Cohen
KROHN & MOSS LTD
scohen@consumerlawcenter.com

Marshall Scott Meyers
KROHN & MOSS LTD
mmeyers@consumerlawcenter.com

Kellye Michelle Gordon
BAKER & DANIELS
kellye.gordon@bakerd.com

Thomas G. Stayton
BAKER & DANIELS
tstayton@bakerd.com